IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SHERWIN L. KNUDSEN,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS, INC., BAC HOME LOAN SERVICING LP, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., JOHN DOE 1 AND JOHN DOES 2-10 inclusive,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND EXPUNGE *LIS PENDENS*<br><br><br><br>Case No. 2:11-CV-429 TS |

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint and Expunge *Lis Pendens*. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

In June 2007, Plaintiff obtained a purchase money loan in the amount of $547,500 from Countrywide. The loan was secured by a deed of trust recorded against real property located in Salt Lake City, Utah. Defendant BAC was the servicer of Plaintiff's loan.

Plaintiff ultimately began having trouble making his payments. A notice of default was recorded against the property on April 5, 2010, by non-party ReconTrust Company ("ReconTrust"). That same day, Defendant MERS, as beneficiary, recorded a corporate assignment of deed of trust/mortgage, whereby MERS assigned the beneficial interest under the deed of trust to the Bank of New York Mellon ("BNY"). BNY recorded a substitution of trustee, substituting ReconTrust as trustee.

II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[1] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face."[2] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3] But, the court "need not accept . . . conclusory allegations without supporting factual

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[3] *GFF Corp.*, 130 F.3d at 1384.

averments."[4]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]

In considering the adequacy of a plaintiff's allegations in a complaint subject to a motion to dismiss, a district court not only considers the complaint, but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[6]  Thus, "notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, '[a] district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"[7]

### III.  DISCUSSION

A.   DECLARATORY JUDGMENT

Plaintiff seeks declaratory judgment that Defendants have no right to foreclose on the subject property.  Plaintiff makes two arguments in support of this claim.  First, Plaintiff argues that MERS is not a proper beneficiary under the deed of trust.  Second, Plaintiff asserts that

---

[4]*S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[5]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6]*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 and Supp. 2007)).

[7]*Alvarado v. KOBTV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

"MERS must have a separate agency agreement with subsequent owners of the promissory note in order to retain its status as a 'beneficiary' under a deed of trust."[8]

Turning to the first argument, the Court finds that it must be rejected. Plaintiff recognizes, as he must, that this Court has repeatedly rejected this argument, but feels compelled to direct the Court's attention to recent case law holding that MERS cannot act as beneficiary. As Plaintiff correctly recognizes, this Court has repeatedly held that MERS has the ability to act as a beneficiary, conduct foreclosure proceedings, and make assignments of deeds of trust. The Utah Court of Appeals has recently agreed with this assessment.[9] Plaintiff has provided no basis for the Court to reconsider its prior decisions and the Court declines to do so. The plain language of the deed of trust in this case specifically recognizes MERS as the beneficiary and Plaintiff has presented nothing to suggest that this is improper.

Plaintiff next argues that MERS must have a separate agency agreement with subsequent owners of the promissory note in order to retain its status as a "beneficiary" under a deed of trust. This argument, however, is not supported by law or the plain language of the deed of trust. The deed of trust specifically establishes MERS as "a nominee for Lender and Lender's successors and assigns."[10] Under the express terms of the deeds of trust, Plaintiff agreed to MERS' continuing status as nominee and beneficiary, even after the deeds of trust were transferred, assigned, or sold. Therefore, this argument too must be rejected.

---

[8] Docket No. 9 at iii.

[9] *Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration System, Inc.*, — P.3d —, 2011 WL 2714429, at *4-5 (July 14, 2011).

[10] Docket No. 8, Ex. 1.

B.  NEGLIGENT MISREPRESENTATION

Plaintiff has failed to respond to Defendants' arguments concerning his negligent misrepresentation claim. Therefore, the Court finds that Plaintiff has abandoned this claim and it will be dismissed.

C.  QUIET TITLE

Plaintiff requests the Court quiet title to the property in his favor. Plaintiff's quiet title claim is based on the allegation that the "Trust Deed and Note were intentionally separated by assignment of the Trust Deed without assignment of the Note during the securitization process" and "[s]ubsequent to securitization of the Plaintiff's Note, Countrywide, BAC, and MERS have no interest in the Subject Property."[11] This Court has repeatedly rejected such "securitization" and "split note" claims. Therefore, this claim must fail as well.

D.  BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff's fourth cause of action alleges that Defendants breached the duty of good faith. Specifically, Plaintiff alleges that Defendants breached the duty by: (1) making representations and material misrepresentations concerning the status of the Note and his ability to modify the terms of the Note; (2) failing to present evidence, upon Plaintiff's request, regarding the unidentified and/or misrepresented current foreclosor's authority; and (3) failing to provide proof that it was (or is) the true holder of the Note or that it was the authorized agent for purposes of foreclosing the note. The Court finds that this claim fails as a matter of law.

---

[11] Docket No. 2, Ex. 1, ¶¶ 126-27.

The covenant of good faith and fair dealing, which inheres in every contractual relationship, "cannot be construed to establish new, independent rights or duties not agreed upon by the parties."[12] Plaintiffs' fourth cause of action seeks to impose new duties upon Defendants and grant Plaintiff new rights relating to the modification of the loan's original terms. The covenant of good faith and fair dealing cannot be relied on to create a contract different than the one agreed to by the parties. Plaintiff's fourth cause of action, therefore, fails as a matter of law and must be dismissed.

IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint and Expunge *Lis Pendens* (Docket No. 6) is GRANTED.  Plaintiffs' First Amended Complaint is dismissed with prejudice.  The *lis pendens* filed in relation to the above-entitled case shall be released.

The Clerk of the Court is directed to close this case forthwith.

DATED   July 26, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[12] *PDQ Lube Center, Inc. v. Huber*, 949 P.2d 792, 798 (Utah Ct. App. 1997).